UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRYSTAL PRICE,

      Plaintiff,

v.

STANTE EXCAVATING CO., INC.,
and SPIRIT AIRLINES, INC., a foreign
profit corporation,

      Defendants.

_____/

Case No. 2:24-cv-10842
Honorable Linda V. Parker
Mag. Judge Kimberly G. Altman

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 30)

Plaintiff alleges that she sustained a back injury after slipping on snow-covered ice while walking off the jet bridge stairs of an airplane owned by Spirit Airlines Inc. ("Spirit Airlines").  (ECF No. 1-2 at PageID.17.)  On March 11, 2024, Crystal Price ("Plaintiff") filed this action against Defendant Spirit Airlines in the Circuit Court for the County of Wayne.  (ECF No. 1-2.)  The matter was removed to this Court on April 2, 2024.  (*See* ECF No. 1 at PageID.1.)

Following removal, Defendant Sprit Airlines filed a Notice of Non-Party Fault, suggesting that Stante Excavating Co., Inc. ("Stante") was responsible for providing snow removal and de-icing services at the time of Plaintiff's fall.  (ECF No. 41.)

1

Presently before the Court is Defendant Stante's motion for summary judgment.  (ECF No. 30.)  The motion is fully briefed.  (ECF No. 37 & 39.)  For the reasons that follow, the Court **DENIES** the motion.

## I.      Factual and Procedural History

Plaintiff is a ramp agent and employee of Unifi Aviation, L.L.C.  (ECF No. 37 at PageID.392.)  On November 20, 2022, Plaintiff, on behalf of her employer, cleaned an airplane owned by Defendant Spirit Airlines.  *Id.*  At some point, Plaintiff descended the airplane's jet bridge stairs to collect trash from the chutes. *Id.*  After reaching the ground, Plaintiff slipped on snow-covered ice near the plane.  *Id.*  Plaintiff alleges that the fall resulted in a spinal fracture.  *Id.* at 395.

Evidence in the record establishes that Defendant Spirit Airlines contracted with Defendant Stante to perform snow removal and de-icing services on the premises[1].  (ECF No. 30 at PaegeID.221.)  Defendant Stante and Defendant Spirit Airlines do not dispute the existence of this contract.  However, the Parties disagree as to whether the contract included a provision stating that Defendant Stante had no obligation to perform any services unless specifically requested by Spirit.  (ECF No. 30 at PageID.221.)

---

[1] Plaintiff briefly suggests in her response that the record does not contain sufficient evidence of a binding contract between the parties because Defendant Stante produced only an unsigned version of the agreement.  (ECF No. 30-2 at PageID.243.)  Discussed *infra*.

Defendant Stante concedes that it did not perform any snow removal or de-icing services on the day of, or in the days leading up to, Plaintiff's fall.  (ECF 30 at PageID.221.)  Plaintiff alleges that she has not been able to depose Defendant Spirit Airlines' representative to determine whether the term was integrated into the Defendants' contract.  Plaintiff therefore asserts that Defendant Stante's motion for summary judgment is premature.[2]  (ECF No. 37 at PagId.404-05.)

Importantly, on the day following Plaintiff's briefing, Defendant Spirit Airlines filed a Notice of Suggestion of Bankruptcy and Automatic Stay of Proceedings.  (ECF No. 38.)  The Court subsequently ordered the Parties to appear by telephone for a status conference.  (ECF No. 40.)  Following the status conference, the Court issued an order administratively staying the matter as to Defendant Spirit Airlines only.  (ECF No. 41.)  Because Spirit Airlines is now subject to the bankruptcy stay, the record remains undeveloped as to what its representative would testify to, and no additional information has been provided to the Court.

## II.     Standard of Review

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate "if the movant shows that there is no genuine dispute as to any material

---

[2] Defendant filed the present motion on June 12, 2025.  At that time, discovery was due by October 16, 2025.

fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Id*. at 323. Once the movant meets this burden, the "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted). To demonstrate a genuine issue, the nonmoving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252.

"A party asserting that a fact cannot be or is genuinely disputed" must designate specifically the materials in the record supporting the assertion, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials."

4

Fed. R. Civ. P. 56(c)(1).  The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See Liberty Lobby*, 477 U.S. at 255.

## II.    Applicable Law & Analysis

Before ruling on a motion for summary judgment, "a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case."  *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995); *see also Wells v. Corp. Accts. Receivable*, 683 F. Supp. 2d 600, 602 (W.D. Mich. 2010) ("[A] motion for summary judgment filed before the close of discovery is often denied as premature in this circuit, either on the opposing party's ... affidavit and request or on the court's own initiative without an explicit request from the opposing party.")

Here, the Court concludes that Defendant Stante's motion for summary judgment is premature.  A threshold question to resolve is whether the contract between Spirit Airlines and Stante contained the specific provision Stante relies on. At this stage, Plaintiff has not been able to depose Spirit's representative, and the record evidence does not conclusively establish that the provision was included in the final contract.

Sixth Circuit courts have often found that early filed summary judgment motions are improper.  *See White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d

5

229, 231-32 (6th Cir. 1994) ("[A] grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery."); *see also Yashon v. Gregory,* 737 F.2d 547, 556 (6th Cir.1984) (holding that the district court abused its discretion in granting summary judgment where the record was inadequate to resolve issues in dispute.)

Defendant Stante has produced an affidavit from its owner and an unsigned "proposal" that includes the relevant provision, but this evidence does not resolve the dispute.  (ECF No. 30-2.)  These materials help support a theory that a contract existed,[3] but the existence of a contract is not the point of contention.  The real dispute concerns whether the provision was part of the agreement.  Defendant Spirit Airlines' position on that issue remains unknown.

Because the automatic stay has prevented Plaintiff from deposing Spirit Airlines on this issue, the record is incomplete on a material fact.  Without that information, the Court cannot conclude that Defendant Stante is entitled to judgment as a matter of law.  Accordingly, the motion must be denied without prejudice as premature.

---

[3] Under Michigan law, a contract need not be signed to be enforceable if the parties' conduct demonstrates mutual assent.  See *Ehresman v. Bultynck & Co., P.C.*, 203 Mich. App. 350, 511 N.W.2d 724 (1994) (citing 17 CJS, Contracts, § 62, at 731-33) (" [S]ignature is not always essential to the binding force of an agreement [.] The object of a signature is to show mutuality or assent, but these facts may be shown in other ways[.]")  Here, the record contains ample evidence that a contractual relationship existed between Defendant Stante and Defendant Spirit Airlines, including:  (1) Defendant Stante's timecard records documenting services performed for Spirit Airlines during the relevant period (ECF No. 30-3 atPageID.246); (2) an affidavit from Defendant Stante's owner stating that "Stante contracted with Spirit to remove snow at this location" (ECF No. 302- at PageID.240); and (3) Defendant Spirit Airlines' Notice of Non-Party at Fault identifying as the responsible party.  This evidence sufficiently establishes the existence of a contract between the Defendants.

## IV.     Conclusion

Accordingly, for the reasons stated above, Defendant Stante's motion is

**DENIED WITHOUT PREJUDICE**.  Defendant may refile after Plaintiff has a

meaningful opportunity to conduct discovery and depose Defendant Spirit

Airlines' representative.

**SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 31, 2026

7